IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| COTRELL T. KNIGHT, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | 8:18CV347 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MADSEN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner did not sign the petition for writ of habeas corpus, although it is difficult to say who did. Furthermore, in response to the motion to dismiss, Petitioner's mother, "[holder of a] power of attorney, Family and Friend" asserts that she signed the petition and represents Petitioner. (Filing no. 10.) Although a document filed by Petitioner's mother is hard to decipher, I assume that Petitioner by virtue of that document has designated his mother as his attorney-in-fact. (Filing no. 10 at CM/ECF p. 4.) Various other persons have signed a document asserting they too are "Petitioners." Agreeing with Respondent, I will dismiss this case without prejudice.

First, in order bring a habeas corpus petition on behalf of another person[1] the party purporting to act for a convicted defendant must show (at least) the following two things:

1. The real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability and the real party cannot therefore bring the action himself.

---

[1] There is no question but that the attack here is one limited to Mr. Knight's state conviction. Thus, none of the parties purporting to represent him have independent standing.

2. The party purporting to act for the real party is dedicated to the best interests of the real party.

*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

There has been no showing that any of these factors exist. Indeed, the pleadings are replete with nonsense. For example, the name of the Petitioner is said to be "Cotrell T. Knight (Corporation)." (Filing no. 1, at CM/ECF p. 1 (caption).)

Second, a power of attorney may confer decision-making authority under state law, but it does not permit the holder to represent the grantor as a lawyer in federal court. On the contrary, parties may proceed in federal court only pro se, when acting solely for themselves, or through counsel. 28 U.S.C. § 1654. *See also Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir.2002) ("[T]he holder of a power of attorney is not authorized to appear pro se on behalf of the grantor."); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir.2001) ("attorney-in-fact" for daughter not permitted to litigate pro se on her behalf); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir.1994) (non-lawyer has no right to represent another entity in federal court); *Osei–Afriyie by Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876 882–83 (3rd Cir. 1991) (holding that parent and guardian could not litigate pro se on behalf of his children) (citation omitted).

Third, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). No matter what standard is applied, Petitioner has failed to make the requisite showing. Accordingly, I will not issue a certificate of appealability in this case.

IT IS ORDERED the motion to dismiss (filing no. 7) is granted. The petition for writ of habeas corpus (filing no. 1) is denied and dismissed *without* prejudice. No certificate of appealability has been or will be issued. Judgment will be entered by separate document.

DATED this 1st day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge